Chase,
 
 J.,
 

 (a)
 

 delivered the opinion of the court. — The libel in this case was filed upon two instruments of writing, purporting to be bottomry-bonds, the one executed by the master in a foreign port, the other by the owner, in a port of the state of Virginia, in which state the libel was filed. The voyage of the former bond terminated in Virginia, and the vessel has since made two voyages. The latter instrument was on a voyage which terminated in London, and the vessel has since made a voyage to this country. Upon her return here, and before the warrant of the admiralty was served, the executions were levied upon her which form the groundwork of the claim interposed by Donald & Burton. *The ship has been sold, under the order of the court below, and the question is, who has the preferable claim to the money now lying in the marshal’s hands ?
 

 On the validity of the bond of the master, there can be no question. It is acknowledged by counsel to possess all the requisites of a good bottomry
 
 *199
 
 bond. But it was contended, that it was satisfied by the freights, which it appears Blaine was in the receipt of ; and if not satisfied, was fraudulently upheld to the prejudice of general creditors. In addition to the objections taken to the first bond, it is further contended against the second, that it wanted a sufficient bottomry consideration, in part or in the whole. The court think it unnecessary to give a particular consideration to the several objections above stated. A satisfactory conclusion on the rights of the parties may be drawn from other principles, on the nature and effect of the contract of bottomry.
 

 A bottomry-bond, made by the master,, vests no absolute indefeasible interest in the ship on which it is founded, but gives a claim upon her which may be enforced with all the expedition and efficiency of the admiralty process. This rule is expressly laid down in the books, and will be found consistent with the principle of the civil law, upon which the contract of bottomry is held to give a claim upon the ship. In the case of a bottomrybond, executed by an owner, in his own place of residence, the same reason does not exist for giving an implied admiralty claim upon the bottom, for it is in his power to execute an express transfer or mortgage. There is strong reason to contend, that this claim or privilege shall be preferred to every other for the voyage on which the bottomry is founded, except seamen’s wages ; but it certainly can extend no further. Had the warrant of the admiralty been first served upon the ship, there might be some ground to contend, that this court ought not to divest that possession, in favor of executions served at a subsequent day, at least, to the prejudice of the bond executed by the master. But as the executions in this case were levied, before the service of the warrant, and so long after the bonds became due, the owners of the ship had lost that possession, upon which alone the warrant of the admiralty could operate, after losing the right of preference.
 

 *Some objections have been made to the validity of these executions, on the ground of their having issued previous to the day on which by law they ought to have issued. On this point, the court will give no opinion. If irregular, the court from which they issued ought to have been moved to set them aside ; they were not void, because the marshal could have justified under them, and if voidable, the proper means of destroying their efficacy, have not been pursued.
 

 The decree of the circuit court is affirmed, and the money ordered to be paid over to the execution-creditors.
 

 Decree affirmed.
 

 (a)
 

 Marshall, Ch. J., having decided the case in the circuit court, did not give an opinion here: Cushing, J., was absent.