Thomas, Justice, delivered the opinion of the court: The plaintiffs in error commenced their action of ejectment against the defendants and several other persons, in the circuit court of St. Clair county, for the recovery of the possession of several tracts of land lying in the said county ; but on the trial elected to proceed against the defendants only, for so muóh of the said land as they were proved to have been in possession of at the commencement of the said suit. Both parties claimed under one Joseph Cornelius, in whom title was proved by patent from the government of the United States, the plaintiffs deriving title from the heirs at law of the said Joseph Cornelius, bydeedsof conveyance executed by them, since his decease; the defendants under a mortgage of the said premises executed by the said Joseph Cornelius to the President and Directors of the State Bank of Illinois, in 1822, and foreclosed by proceedings on scire facias instituted by the said mortgagees against the said mortgagor, in his life time, and afterward by a suggestion of his death on the record, and a revival of the said suit against his administrator, William A. Beaird, consummated against the latter. The defendants in support of their title read in evi- [* 369] dence, after objections had been thereto made by the plaintiffs, and overruled by the court. 1. A judgment by default, rendered in the aforesaid suit against the said William A. Beaird, administrator, etc., qn the 11th day of August, 1827, for $807.12, “the debt in the scire fa-cias mentioned,” and concluding that “they (the said plaintiffs therein) have execution according to the form of the statute of this state.” 2. A special writ of fieri facias issued on said judgment against the said mortgaged premises, dated January 7th, 1828, directed to the coroner of the said county of St. Clair, for execution, and reciting the judgment rendered against the said administrator, as having been recovered “by reason of the non-performance of the covenants in said scire facias mentioned.” A return by the said coroner, dated January 17th, 1828, showing a levjr by him of the said scire facias on tlie said premises, and that further proceedings thereon had been stayed by order of the judge of the circuit court; and a further return by the said coroner, dated April 23d, 1828, showing a sale by him on that day, by virtue of the said Jseri fa-cias, and on his aforesaid levy, of a part of the said premises to Guy Morrison, and the residue to Ninian Edwards, for two-thirds of the appraised value thereof, or more. And, 3. A deed from the said coroner to the said Ninian Edwards for that portion of the said land purchased by him, and embracing ' the land in the possession of the said defendants, dated July 25th, 1829. The jury found a verdict for the defendants, on which the court rendered judgment in their favor for costs. The case is now brought by the plaintiffs into this court, for the reversal of that judgment, and the opinion of the circuit court, in admitting the judgment, fieri facias, and deed aforesaid in evidence, is assigned for error. The only question presented for our determination is as to the validity of the sale under which the defendants claim the land in controversy. Those affirming its validity admit that the legal title to the said land was in Joseph Cornelius, the mortgagor, in his life time, and immediately on his decease vested in his heirs at law, so as to entitle them, or their grantees, to possession, as against the whole world, except the mortgagees, or persons legally claiming under this mortgage; but they maintain that the defendants have acquired the legal title to the said premises under the said mortgage, and that the judgment, fieri facias, and deed, the legal admissibility of which in evidence is questioned by the assignment of errors, are competent evidence to establish that fact. The opposing party, conceding that the mode adopted, for the involuntary alienation of the title of the said heirs, by a foreclosure of the mortgage of their ancestor, by scire fa-cias, was authorized by law, and would have been legally [* 870] sufficient for that purpose, had the requisitions of the stat- ; ute, in such ease made and provided, been strictly complied with, in the proceedings relied on by the claimants under the said mortgage, in this case, nevertheless, contend, that the said proceedings were not in conformity to the said statute, and that consequently the title of .the said heirs was. not thereby divested. In support of their position, that the aforesaid judgment, fieri facias, and deed were improperly received in evidence by the circuit court, for the purpose of showing title to the premises in dispute, in the defendants, the counsel for the plaintiffs make the following points for the consideration of the court, to wit: I. That the said judgment was erroneous for not being against the mortgaged premises; and that, moreover, it was a judgment against the said William A. Beaird, administrator, etc., de 'bonis propriis, and if not absolutely void, was a lien only on the real estate of the said William A. Beaird. II. That the said fieri facias was void on its face, because there was no judgment to support it, there being a variance between the said judgment and fieri facias, in this, that the judgment is in debt, and the fieri facias is for the collection of “damages for the non performance of covenants;” and the said fieri facias, while it recites a general judgment against the said William A. Beaird, administrator, etc.,'requiring the officer to sell the real estate of the heirs of the said Joseph Cornelius deceased, who were no parties to the judgment, to satisfy the same. III. That the deed was inadmissible in evidence, first, because there were no judgment and execution to found it upon; secondly, because it shows on. its face that on a general judgment against William'A. Beaird, administrator, etc., the lands of the heirs of Joseph Cornelius deceased, were sold ; thirdly, because it shows a total want of jurisdiction in the court to issue said fieri fa-cias on said judgment, and that therefore the sale was void; and fourthly, because the sale on the fieri facias was made in violation of the judge’s order,and when by the return of the said fieri facias, it had become functus officio. These objections to the validity of the defendants’ title to the land in controversy are based upon the acknowledged principle, that where a person claims title to land by matter in pais, he must show every step required by law, for the establishment of such title, to have been regularly taken; but, as will be perceived, no irregularity in the proceedings by the officer making the sale is charged, except in one particular, his alleged violation of the order of the circuit judge, etc. The supposed irregularties in the judgment and fieri facias are mainly complained of. If these objections, as well to the judgment and fieri facias, as to the manner of executing the latter, are found untenable, those made to the deed, being entirely based on them, must also fall to 371] the ground. The first two points may be considered together, so far as they relate to alleged irregularities and errors, in the judgment th & fieri facias. Was there, then, any such irregularity as is complained of, in these proceedings, or either of them ? And if •so, should they therefore have been excluded from the jury, on the trial of this cause in the court below ? That there was error in the judgment, by reason of its not directing the sale of the mortgaged premises, as required by the statute, and that for such error, .it might have been reversed on appeal, or writ of error brought by the defendants therein to this court, cannot be doubted. The case of Maury v. Marshall, 1 Scam. 232, settles that question. And it may also be admitted that the special fieri,facias issued on said judgment might, for the objections, or some of them, urged against it by the plaintiffs’ counsel, have been quashed, on motion of the defendant therein. But the defendant in the said judgment and fieri facias not having availed himself of his privilege of procuring the reversal of the one or the quashing of the other, they could neither of them be collaterally enquired into and declared invalid, at the instance of a stranger, in this proceeding, unless they were not only voidable for error and irregularitj^, but absolutely void. If the court rendering the judgment had jurisdiction of the person of the defendant, and of the subject matter of the suit, then whether its decisions were correct or not, the judgment, until reversed, is binding in every other court. Having a right to decide every question that occurred in the cause, its errors and irregu-laxities, if they existed in the judgment, should have been corrected in this court; if in the issuing of final process or the proceedings of the officers thereon, by some direct proceedings before the same court to set them aside ; neither one nor the other could have been legally examined into, when brought up, as they were in this case, in the court below, collaterally. But if there was a total want of jurisdiction in the court, and it therefore acted without authority in the premises, its proceedings were not merely voidable, but void, and a nullity, conferring no right, and affording no protection to those claiming, or acting under them, and consequently should have been rejected, although unreversed, and collaterally drawn in question, on the trial in the circuit court. This is the doctrine established by the supreme court of the United States in the cases of Elliott et al. v. Piersol et al. 1 Peters 340; Thompson v. Tolmie et al. 2 Peters 163, 169; and Voorhees v. The United States Bank, 10 Peters 474; and is fully recognized by this court, in the case of Buckmaster et al. v. Carlin, 3 Scam. 107. By the application of these principles to this case, it must be apparent, that as the judgment in question was rendered by a court of competent jurisdiction, it was, although, as [* 372] * already admitted, reversible for error, not absolutely void, and was therefore properly received in evidence, on the trial in the court below. It was, however, contended that even if the judgment was not void, it was nevertheless to be considered as a judgment against the administrator, William A. Beaird, de bonis propriis, and that consequently the fieri facias issued on it, against the lands of the heirs of Joseph Cornelius, was not only irregular, but wholly void. The authority relied upon in support of this position (2 Tidd’s Pract. 993) would certainly be in point and conclusive, if the court had had (as in the class of cases referred to in the text) jurisdiction of the person of the administrator, in any proceeding against him in personam, and of the subject matter of such suit. In such case, (as was held in Greenwood v. Spiller, 2 Scam. 504, which was an action of covenant against an adihinisti'ator,) no judgment could be rendered, nor execution issued, legally authorizing the sale of the lands of the intestate. But that authority has no application to the cause under consideration. This will be apparent on a moment’s reflection, as to the means by which, and the purposes for which, the defendant William A. Beaird was in court. The law authorized proceedings against the administrator, by scire facias, to foreclose the mortgage of his intestate, the court, therefore, after scire facias had been sued out against and served upon the latter, and his death had been suggested on the record, legally acquired jurisdiction of the person of the former, by the revival of the suit against him, but only for the purposes of that suit. For any other purposes, he was a stranger to the i’eoord, and a judgment de bonis propriis, or de bonis testatoris, against him would have been as wholly void, as if rendered against any other person not named on the record. But in respect to that proceeding (the foreclosure of the mortgage), the court was legally authorized to render such judgment against him, as administrator, as might have been rendered against the mortgagor himself, had he lived ; and the judgment that was rendered, and the proceedings under it, are to be considered precisely as they would be, if in the lifetime of the said mortgagor, they had been rendered against him. Then the judgment in question having been rendered in a proceeding in rem, could not have been against the defendant in personam, and consequently the special fieri facias under consideration was not void for the reason assigned. But it was urged in argument, that as the judgment was general, it would not warrant the issuing of the special fieri facias, and that the latter, being unauthorized by law, was therefore void; and to support that position the case of Clemson v. Kruper, Breese 162, and 2 Tidd’s Pract. 998, were relied on. , . On the examination of the case first referred to it will [*373] be found to have no reference whatever to the matter in controversy, the points decided by it being solely in relation to assigning a refusal to grant a new trial for error, and to the time and mode of taking a bill of exceptions. The dictum in Tidd is 'based upon the authority of Buxton et al. v. Mardin, 1 Term R. 80; Clark v. Clement et al. 6 Term R. 525; and Gill v. Scrivens, 7 Term R. 27; and in all these cases the question was made not collaterally but by direct proceedings before the proper court, on motion to quash by the defendants in the several irregular writs respectively. These authorities, therefore, do not in the least degree mitigate against the doctrine hereinbefore stated. There are, however, numerous authorities directly sustaining it, 2 Tidd’s Pract. 1032, 1128; Graham’s Pract. 390; 2 Paine and Duer’s Pract. 295; Blaine v. The Charles Carter, 4 Cranch 328, 333. In the ease last mentioned a ship had been sold under executions issued within ten days after judgment, contrary to the express provision of the 28d section of the judiciary act; but no writ of error was taken out. The supreme court of the United States declared that if the executions were irregular the court from which they issued ought to have been moved to set them aside. They were not void because the marshal could have justified under them; and if voidable, the proper means of destroying their efficacy had not been pursued. Again: In Tayloe v. Thompson, 5 Peters, 370, the same court affirmed a principle of the common law, “that the sale of a term of years under a fieri facias, issued after and while the defendant was in execution under a ca. sa. on the same judgment, was-good, when made by a stranger to the execution.” The objection to the fieri facias, on the ground of an alleged variance between it and the judgment, is equally unavailing to the plaintiffs. The dictum in Bryan et al. v. Smith et al. 2 Scam. 49, that if the strict regular rules of the English and many American authorities in some of the state courts are to prevail witli us they would warrant the rejection of an alias fieri facias, on the ground of its variance from the original fieri facias, is relied upon to support that objection; but, I think that the rules referred to do not and ought not to prevail with us. And of the same opinion was the judge whose dictum is above referred to. He says in connection with it, and in the same opinion: “If the rigid rules to which we have alluded were adopted in our courts it would be most manifest that the titles to real estate purchased under execution at sheriff’s sales might be most seriousty affected in numerous cases, if not entirely destroyed. Hence it becomes a question of great import whether the present practice, although it may not be entirely free from objection from its looseness, had not better continue to be sanctioned than to innovate upon it, by which such serious consequences might ensue.” The [*374] correct doctrine, and that which is well established by authorities, is that the defendant in the fieri facias, having submitted to it, a stranger to the record cannot now avail himself of the irregularity of the writ in a collateral ‘proceeding. 2 Peters’ Dig. 268; 5 Johns. 100. The only objection to the validity of the sale in question remaining to be disposed of is based upon the alleged irregularity of the coroner in making that sale in violation of the judge’s order, and when by his return of the fieri facias it had become functus officio. The existence of the facts on which this objection is predicated is not proved by the record. It only shows a levy by the officer, a suspension of proceedings thereon, in obedience to the order of the judge, but no actual return of the fieri facias out of the hands of the officer into the clerk’s office, and a subsequent sale of the mortgaged premises upon the said levy. Is the inference legitimately deducible from these facts, that when the sale was made the order of the judge restraining it was still in force? That order was manifestly made to enable the defendant in the fieri facias to make his motion to quash it. May we not then reasonably infer that such motion was made and overruled, or else that the said order had expired by its own limitation, before the sale stayed by it was made ? The fact that the record does not show that the defendant Beaird ever complained of any such irregularities in the sale strengthens tbe presumption that they did not exist.' But whether they did or not is wholly immaterial for the purposes of the present enquiry. If they did exist, they might have so vitiated the sale as to have enabled the defendant in the fieri facias to have set it aside by the court by whose authority it was made, but did not render it a nullitjc That court, having jurisdiction of the matter, alone possessed the power to correct the evil, if it existed; and not having been called upon to do so by the party against' whom the proceedings were had, no one else can now invalidate them in a collateral proceeding. To the numerous authorities already referred to sustaining this position one other may be added. In Wheaton v. Sexton, 4 Wheat. 506, the supreme court of the United States, adjudicating upon the validity of the sale of real estate, on execution, says: “ The purchaser depends on the judgment, the levy, and the deed. All other questions are between the parties to the judgment and the marshal; whether the marshal sells before or after the return; whether he mates a correct return, or any return at all to the writ, is immaterial to the purchaser, provided the writ was duly issued and the levy was made before the return.” It may be proper here briefly to examine several authorities found in the decisions of this court, and relied upon to invalidate the title of the defendants to the land in controversy; in [* 375] doing so, I apprehend that I will be able to show, that between these authorities, and such as I have referred to as sustaining that title, there is no conflict. In Lawrence v. Yeatman et al. 2 Scam. 17, a judgment by default in attachment was reversed for the reason that the proceedings in the court below, being ex parte and in rem, were not, as they should have been, in strict conformity to the statute by authority of which they were had. In Day v. Cushman, Eaton Co. 1 Scam. 476, and Marshall v. Maury, 1 Scam. 232, judgment by default, on scire facias to foreclose mortgages, were reversed on the ground (as in the case of Lawrence v. Yeatman et al.) that the proceedings in these cases being summary and in rem, were not, as they should have been, strictly in pursuance of the statute authorizing them. But those cases were brought by writ of error to this court, by the defendants in the said erroneous judgments respectively, and the errors in the proceedings of the circuit court were thus corrected, as it is admitted, that those in the proceedings under which the defendants in this case claim might have been. It is, however, nowhere intimated by the court, that those judgments, or either of them could, in any collateral proceeding, have been con-siclered mere nullities, by reason of the errors for which they were reversed. In Doe, ex dem. Curtis v. Swearingen, Breese 99, it was held that a sheriffs deed which did not state that the land was appraised, and unsupported by proof, that it was appraised, was insufficient to entitle the lessor claiming under it to recover in ejectment. The laws in force, when the sale in question in that case was made, required an appraisement of the land sold on execution, and the court had no power to dispense with that requisition. A sale, therefore, without appraisement, was absolutely void, and a deed not showing an appraisement, and unsupported by evidence of that fact aliunde, might be, as in that case it was, properly rejected. In holding that deed inadmissible in evidence, no proceeding by, or under the authority of the court, by virtue of whose process the sale was made, was collaterally reviewed. The diffeience between that case and this is apparent. In Doe, ex dem. Smith et al. v. Hileman, 1 Scam. 325, (the only case referred to by the plaintiff’s counsel remaining to be noticed,) this court decided, that an administrator’s deed-for real estate sold by him, by virtue of an order of the circuit court, which did not set forth the said order of sale at large, as required by law, was inadmissible in evidence, in an action of ejectment, to support the title of the grantee in such deed. To have decided otherwise would have been to dispense with the evidence of sale expressly demanded by the statute. The deed upon its face was a nullity, and in its being so held, no act done or authorized, by the court ordering the sale, was collaterally drawn [* 376] in question. It is true that the court in that case says, that “ a special power granted by the statute, affecting the rights of individuals, and which divests the title to real estate, ought to be strictly pursued, and should so appeal on the face of the proceedings; but that they do not desire to be understood as deciding, that in every case, in which the “ special power ” referred to by them is not “strictly pursued,” all acts done in the exercise of such “ power ” are therefore necessarily to be declared void, is, I think, apparent from other portions of the same decision. They say further, that “ the circuit court has no power to direct a sale of. real estate by an administrator, to be made for any other funds than the legal currency of the state. The direction to take payment in notes of the State Bank of Illinois was not warranted by law. But such direction did not render the proceedings void, but voidable only. Such a direction does not render a record of an order of sale inadmissible in evidence.” This court, then, in that case, expressly recognises the distinction, made in all the authorities on the subject, between acts done as well without the authority of law, as without any order of a court of competent jurisdiction, to sustain them, and therefore void, and such as are done by authority of such court, although not in strict pursuance of law, and therefore voidable. By placing in juxtaposition with these authorities of the plaintiff’s counsel, the case of Voorhees v. The United States Bank, 10 Peters 474, hereinbefore referred to, it will be perceived that the doctrine of the supreme court of the United States arid this court entirely harmonize on this subject. In that case, the validity of a deed to lands acquired under proceedings in attachment, being ex parte and in rem, was sustained against the grantee of the judgment debtor, seeking collaterally to avoid it, although the record did not show affirmatively a strict compliance with the statute authorizing those proceedings. The court there “give a distinct and unqualified negative,” as they say, “ both on principle and authority, too well and long settled, to be questioned,” to the proposition made as the basis of the attack on the title derived under the said sale, “that a sale by order of a court of competent jurisdiction, may be declared a nullity in a collateral action, if the record does not show, affirmatively, the evidence of a compliance with the terms prescribed by the law in making such sale.” They however admit, that for the irregularities complained of, in the proceedings under which title in that case was derived, those proceedings might have been invalidated, by the proper court on application of the defendant therein. There is another important consideration involved in [* 377] this case, which also arising in the case of Voorhees v. The United States Bank, just referred to, received, as it merited, much of the attention of the enlightened tribunal deciding that case. It is whether, if a stranger to the record possess the same right to ejecting collaterally to the judgment, fieri facias, etc., that the defendant therein would have possessed on writ of error, appeal, or motion to quash, e’tc., the right of the former should be allowed, in point of time, to survive that of the latter. In the spirit of that decision, we say that it should not be so. If the plaintiff, in erroneous and irregular proceedings at law, could not-be disturbed in the enjoyment and use of money made under them, repose for that reason ought assuredly to be extended to innocent persons in the enjoyment of rights acquired under such proceedings. In this case, then, if the errors and irregularities complained of in the judgment, fieri facias, etc., in-question, ever could collaterally have been enquired into (as they could not have been) they ought now to be held beyond the reach of such attack; although those proceedings were originally voidable at the instance of the defendant therein. Time has long since cured their defects, and now, by limitation of law, they are as irreversible as,any judgment of this court possibly could be. Then should any one else be permitted, by indirection, to do what the defendant in those proceedings could not do directly ? Justice, policy, and the best interests of community, all demand a negative response to this proposition. The foregoing views dispose of the objections to the introduction in evidence of the coroner’s deed to Ninian Edwards. Those objections amounted to a mere corollary from the postulate of the plaintiffs’ counsel, that the judgment, fieri facias, and sale were void. The premises being denied, the deductions drawn from them, of course, need not'be further controverted. It is true that the pertinency of this deed, to the point in issue, is not very apparent from the record, as of itself it would not show the defendants to have been in possession of the premises in controversy, under the mortgage; but as the bill of exceptions does not purport to exhibit all the evidence that was offered on the trial, and as no objection was made to the admissibility of this deed, on the ground of its immateriality, it may be fairly presumed that it was used only as a link in the chain of the defendants’ title to the said premises, derived from the grantee in the said deed. The judgment of the circuit court is affirmed with costs. Judgment affirmed.