JOHN H. MORGAN *et al.*

*v.*

JOSHUA J. EVANS *et al.*

1. EXECUTION—*issued more than a year after judgment, voidable but not void.* A first special execution issued upon a judgment in an attachment suit more than a year after the rendition of such judgment, is voidable only, and not void.

2. A sheriff's deed upon a sale under a special execution issued more than a year after the date of the judgment upon which it was issued, and which execution is not set aside, conveys good title to the grantee.

3. FORMER DECISION. The rule above announced is not in conflict with the decision in *The People* v. *Peck,* 3 Scam. 118.

APPEAL from the Circuit Court of Effingham county; the Hon. JAMES C. ALLEN, Judge, presiding.

Mr. JAMES M. WARREN, for the appellants.

Mr. H. B. KEPLEY, for the appellees.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was ejectment, brought in the Effingham circuit court, by appellants against appellees, to recover possession of a certain tract of land situate in that county, of which appellees were in possession.

It appeared, that Joshua B. Whitney was the common source of title, and September 15, 1860, he conveyed the land in question, by warranty deed, to James M. Whitney. While the legal title was so in James M. Whitney, the appellants sued

out of said circuit court an attachment against the estate of
said James M. Whitney, who was a non-resident, which was
levied upon the land in question, and constructive notice hav-
ing been given pursuant to statute, appellants, at the April
term, 1862, recovered a judgment for $1096.25, against said
James M. Whitney, and special execution against the property
attached was ordered.   No execution, however, was issued un-
til July 3, 1863, over a year from the time of the rendition
of the judgment.   On this execution, which was levied on the
lands attached, the sheriff sold and appellants became the pur-
chasers, receiving the sheriff's deed in December, 1864.

Some question has been made as to the sufficiency of the
form of the judgment, but we have no doubt the proceedings
in the attachment suit were regular down to the entry of the
judgment, and that the latter is sufficiently formal to be valid.

The ground that the judgment lacked the requisite form
being untenable, the only question remaining is, whether the
circumstance that the special execution was not issued within
one year after the rendition of the judgment, rendered it void,
or only voidable.   The court below excluded it from the evi-
dence, and if it was not void but only voidable, this was error.

The statute is as follows: "All and singular the goods and
chattels, lands, tenements and real estate of every person against
whom any judgment has been or hereafter shall be obtained in
any court of record, either at law or in equity, for any debt,
damages, costs, or other sum of money, shall be liable to be
sold upon execution to be issued upon such judgment, and
the said judgment shall be a lien on such lands, tenements and
real estate, from the last day of the term of the court in which
the same may be rendered, for the period of seven years: *Pro-
vided*, that execution be issued at any time, within one year,
on such judgment, and from and after the said seven years the
same shall cease to be a lien on any real estate as against *bona
fide* purchasers, or subsequent incumbrances by mortgage,
judgment or otherwise."

This statute contains a plain recognition of the common law
rule, requiring an execution to be issued within a year from

the judgment, and if it had been intended that the consequences of non-compliance with that rule should be different from those which had been declared by the courts to follow such non-compliance at common law, such intention, it seems to us, would have been expressed in other language than that employed.

*Patrick* v. *Johnson*, 3 Levinz, 404, was trespass for false imprisonment. The defendant justified under an execution in his favor, against the plaintiff. The latter demanded *oyer* of the execution, which appeared to have been sued out above a year after the judgment, and then replied that no execution issued within the year; to which the defendant demurred, and it was resolved that the execution sued out after the year was not void, but only voidable by writ of error, but that until it was reversed it was a good justification.

In *Shirley* v. *Wright*, 1 Salk., 273, the sheriff had the defendant in custody on a *ca. sa.*, which issued after a year and a day without a *scire facias*, and let him escape; and it was held the sheriff was liable, and should not take advantage of the error.

In *Parsons* v. *Loyd*, 3 Wils. 345, Lord Chief Justice DE-GREY marked the distinction between void and voidable process in this language: "There is a great difference between erroneous process and irregular (that is to say void) process: the first stands valid and good until it be reversed, the latter is an absolute nullity from the beginning; the party may justify under the first until it be reversed, but he can not justify under the latter, because it was his own fault that it was irregular and void at first."

The doctrine of these cases was fully recognized in *Reynolds* v. *Corp & Douglas*, 3 Caines R. 271. KENT, Ch. J., there said: "The case that most resembles the present, is that of issuing execution upon a judgment which has lain dormant above a year and a day. At common law, the plaintiff in such case was driven to sue out a new original, but the statute of 13 Eliz. c. 1, gave him a *sci. fa.* to revive the judgment. If, however, instead of bringing debt or *scire facias* upon the

judgment, the plaintiff sues out a *ca. sa.*, the court, upon application, will set it aside, with costs. 2 Wils. 82, Barnes, 197, 206, 213. But it has been often adjudged, and it is well settled, that the party is not responsible in trespass for suing out the *ca. sa.;* for that the execution was voidable only, and was a good justification till reversed."

In *Jackson* v. *Bartlett,* 8 Johns. R. 361, the question arose in respect to a *fi. fa.* and in an action of ejectment, as in the case at bar, only that a third person was the purchaser instead of the plaintiff in the execution. The court, however, laying no stress upon that circumstance, said: "The question on the regularity of the *fi. fa.* could not be raised in this case. Though the execution may have issued a year and a day after judgment, without revival by *sci. fa.*, it was only voidable at the instance of the party against whom it issued. (3 Lev. 403, 3 Caines, 271, 273.) It was good in point of form, and several reasons might possibly have been assigned, if the question had come up on motion to set it aside, why the execution was duly issued, even after the year and a day. It was not for the present defendant to question a purchaser's title under such an execution. It was good authority for the sale. (*Shirley* v. *Wright, supra.*)"

It may be proper to suggest, that if the judgment debtor should stay the execution, by injunction, upon a motion to set aside the execution issued after a year, that fact might be shown in answer to the motion. And it will be observed, that most of the cases above cited expressly hold, that because it is voidable only, a *ca. sa.* sued out more than a year and a day after judgment is a justification to the plaintiff himself. This is upon the ground that, although erroneous and subject to be set aside at the instance of the defendant, yet it is not void, and constitutes a good authority in law to take the person. If good authority, as against the plaintiff who sues it out, for taking the person, it must be for taking the property of the defendant.

This principle, by analogy, is recognized by Lord Chancellor HARDWICKE, in *Jeanes* v. *Wilkins,* (1 Ves. Sen. 195,) where he

said: "To avoid the sale and title of the defendant, it must be proved that the *fi. fa.* was void and conveyed no authority to the sheriff, for it might be irregular and yet, if sufficient to indemnify the sheriff so that he might justify in an action of trespass, he might convey a good title, notwithstanding the writ might afterwards be set aside."

The principle here announced is, that where the writ is not void but only voidable, and for that reason will afford a justification to the plaintiff in an action of trespass, the sheriff, by virtue of such writ, may convey a good title.

This whole doctrine was ably and elaborately discussed in *Woodcock* v. *Bennett*, in the Court of Errors of New York, (1 Cow. R. 711,) and fully re-affirmed. It seems to us to be based upon principles having their foundation in necessity and convenience in the administration of justice.

The counsel for appellees has referred us to no case in this court directly holding to a contrary doctrine, nor are we aware of any so holding.

The case of *The People* v. *Peck*, 3 Scam. 118, has been supposed to hold, that an execution issued more than a year and a day after judgment is void; but a close examination of that case will show that such is not the effect of that decision. It was a motion in this court for a *mandamus*, to compel the clerk to issue an execution after a year and a day, without *sci. fa.* The motion was denied on that and other grounds. The court did not say it was because the execution would be void, nor was it necessary that the court should so hold in order to sustain the decision; for if the execution would be voidable, the court would not compel the clerk to issue it—that is, the court would not compel the clerk to issue a process which the defendant therein would have the right to immediately call upon the court from which it emanated, to set it aside.

It is the opinion of the majority of the court, that the special execution in question in the case at bar was voidable only, and not having been set aside, the sheriff had authority, by it, to convey good title to appellants. It follows that it was error to

exclude it from evidence, and for that error the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT dissents.