## THE DORA.

### MOORE *et. al. v.* THE DORA.  HOPE INS. CO. *v.* SAME.  COSULICH *v.* SAME.

*(Circuit Court, E. D. Louisiana.  February 25, 1888.)*

MARITIME LIENS—PRIORITIES—ADVANCES TO PAY SEAMEN'S WAGES—BOTTOMRY BONDS.

An Austrian ship bound from Pensacola, Fla., to Genoa, Italy, deviated from her course, and, arriving at New Orleans, was libeled and seized. Two of the libels were for bottomry bonds, and a third for money advanced for the payment of mariners' wages. *Held,* that the money advanced by third libelant for such payment having been so used, he acquired a lien of equal rank with that extinguished, and his claim ranked above the bottomry bonds.

In Admiralty. On appeal from district court.
See *The Dora, ante,* 343.
*E. W. Huntington,* for J. & C. Moore & Co.
*H. Denis,* for Hope Ins. Co. and claimants.
*T. J. Semmes,* for S. A. Cosulich.

PARDEE, J. The elaborate opinion given in these cases by Judge BILLINGS satisfactorily settles all the questions considered. There remains, however, to be disposed of a claim of S. Cosulich & Co., of $1,208.30, alleged to have been paid to the captain of the Dora to pay seamen's wages. In the account attached to the libel made up May 21, 1886, and indorsed, "Approved, M. Premuda, Master," the said item is charged as follows: "P'd cash to captain to pay off the ship's crew for provisions, etc., $1,208.30." The claim is supported by the evidence of Cosulich that he paid all the sums of money specified in his bill, and by the evidence of Capt. Premuda, who says: "*Question.* I find an item in Mr. Cosulich's bill for $1,208, for paying provisions and expenses? *Answer.* Yes, sir. That is right. *Q.* Did you expend that money for that purpose? *A.* Yes, sir." On the first submission of the case, this was all the evidence in relation to the said item. Subsequently the evidence of Capt. Premuda was taken under commission, and he then testifies that

of the item $1,208.30 nothing was for provisions; $1,150 was for wages and $58.30 was for expenses; of the sum for wages $990 accrued before the Dora left Pensacola, and $160 accrued after the ship was condemned, and before the sale. On cross-examination, the captain further says: "The wages were due the crew for about five months' services—from November 2, 1885, to March 17, 1886, which is the date on which the ship deviated from her course; also from April 29, 1886, the day when the ship was condemned at New Orleans, to the 29th day of May, 1886, when she was sold. At different times during the month of May, part of the crew was paid and discharged; the aggregate of the wages paid to these men were $160, explained this: Mate, $30 per month; boatswain, $25 per month; cook, $22 per month; 14 sailors, together, $206 per month; petty expenses, $58.30." Answered from private memorandum book, which cannot be annexed to answer. "The names of such persons paid out of the said $1,208.30, so far as I can furnish, are as follows: *Mate*, Giovanni Amandick, Lussinplcolo; *boatswain*, Carcich, of Chimchi; *cook*, Dargonis, Dalmatia. I do not know the names and places of residence of the fourteen sailors. According to custom I took no receipt." There is no conflicting evidence. The showing thus made, while indefinite as to many particulars, establishes without contradiction that, when the Dora was in the port of New Orleans, there was owing to her crew for wages the sum of $1,150; $990 of which accrued before the date of the bottomry bonds sued on, and $160 of which accrued just before and just after the seizure was made in this case. These wages were paid by the moneys advanced for the purpose by Cosulich & Co.

By the maritime law seamen's wages constitute a lien on the ship of the highest rank. This lien is preferred to, and ranks, liens arising under bottomry bonds. See Fland. Mar. Law, § 282; *The Charles Carter*, 4 Cranch, 328; *The Virgin*, 8 Pet. 553. Where funds are advanced to the master of and on the credit of a ship, for the purpose of paying off maritime liens, and the funds are so applied, the lender acquires a lien of equal rank and standing to those extinguished with the funds so advanced. See *The Emily Souder*, 17 Wall. 666; *The Lulu*, 10 Wall. 192; *Insurance Co.* v. *Baring*, 20 Wall. 159; *The Guiding Star*, 9 Fed. Rep. 521. As it is established in this case that Cosulich & Co. advanced these moneys in a foreign port, on the credit of the ship, and they were applied to the extinguishment of mariners' wages, which are proved to have been due, and which, as has been seen, constituted a lien prior to the lien of the bottomry bonds, it seems clear, under the authorities aforesaid, and many others that could be cited, that Cosulich & Co.'s claim should be declared a lien prior in rank to the bottomry bonds; in fact prior to any and all the claims made in this case.

The only answer is that the specific amount of wages due each seaman, and his time of service and discharge, do not appear in the evidence, and the absence of such specific evidence throws suspicion and doubt on the claim. I have considered this, and to that end have quoted herein the entire evidence on the subject, and the result, to my mind, is that too much is proved for the court to ignore on suspicions unsup-

ported by any evidence. It is apparent that the wages of the seamen, as claimed, were due and owing, unless they were paid from the moneys advanced on bottomry at Pensacola; and, if they were paid from those moneys, then it was a fact which the libelant could and should have shown by evidence. , It is proper to notice that the advance of moneys on bottomry bonds, and the application of the same to the necessities of the ship, is only established by the evidence of the captain, and that only in a general way, and without naming a single creditor, or giving a single voucher. There is no reason that the master's undisputed evidence should be taken in the one case, and wholly rejected in the other.

The decree to be entered will conform to the opinion of Judge BILLINGS on all the questions discussed by him, and with this opinion on the claim of Cosulich & Co. for moneys advanced to pay wages.