### NELLIE CHESEBRO *vs.* JOSEPH BARME & another.

Norfolk.   December 14, 1894. — February 26, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Poor Debtor — Execution — Arrest — Exceptions — Action — Trial Justice —
Breach of Recognizance — Statute.*

When a judgment is recovered in a court having jurisdiction, and the execution
thereon is issued by the proper officer, irregularities either in the mode of
issuing it or in the execution itself do not make it void; and it may be dealt
with by the court upon motion of either party, and amended or annulled as
justice may require; and service of it, if it is not annulled, or service restrained
or suspended, is not invalid.

An alias execution, issued before the return day of the original execution, is valid,
and the arrest thereon of the debtor after such return day is lawful.

A point not raised at the trial is not open upon a bill of exceptions.

The fact that, at the commencement of an action upon a poor debtor's recog-
nizance, the execution on which he was arrested had not been returned into
court, is no bar to the action.

In an action upon a poor debtor's recognizance, the question whether a trial justice
court is a court of record is immaterial.

If, at the time and place appointed by a trial justice for the hearing of a person
who has applied to take the oath for the relief of poor debtors, the debtor and
creditor both appear, but the magistrate fails to appear, and the debtor does not
procure within the hour the attendance of some other duly qualified official to
adjourn the hearing, or himself give a new notice within three days of his inten-
tion to submit himself to examination, as provided by St. 1887, c. 442, § 8, there
is a breach of his recognizance; and St. 1889, c. 415, does not relieve the debtor
of the obligation to secure a proper continuance, if no person qualified to con-
duct the examination appears.

CONTRACT, upon a poor debtor's recognizance, entered into
by the first named defendant as principal and by the other
defendant as surety, and containing the usual conditions. Trial
in the Superior Court, without a jury, before *Blodgett,* J., who
found for the plaintiff; and the defendants alleged exceptions.
The facts appear in the opinion.

*C. P. Sullivan,* for the first named defendant.

*R. H. O. Schulz,* for the other defendant.

*C. F. Jenney & E. C. Jenney,* for the plaintiff.

BARKER, J. The first execution against the debtor was issued on July 1, 1892, and was returned into court unsatisfied on August 26, 1892, when an alias was issued, upon which the debtor was arrested on September 2, 1892. The defendants contend that the alias was void, because issued before the return day of the original execution.

By our statute, Pub. Sts. c. 171, § 22, an execution must be made returnable in sixty days from its date. This is not equivalent to saying that an execution can be returned to court only upon its statute return day. The purpose of the enactment is to make a reasonable limit of time beyond which the process shall not authorize the commencement of proceedings for the collection of the judgment. But service begun before the return day may be completed thereafter. Pub. Sts. c. 171, § 55. The officer's return of service upon the execution, and the return of the execution into court, are different matters. He may indorse upon the execution any true statement of his acts under it without waiting for the return day, or after that day; and there is no prohibition against returning the execution into court before or after the return day. If it is returned into court before the return day, bail taken in the action cannot be held, nor can a trustee charged in the action be held upon *scire facias. Niles* v. *Field,* 2 Met. 327. *Bull* v. *Clarke,* 2 Met. 587. *Rowland* v. *Seymour,* 2 Met. 590. *Adams* v. *Cummiskey,* 4 Cush. 420. But this is because bail may surrender their principal at any time before the return day, and the death of the principal during that period discharges the bail; and in the case of a trustee, because the execution may be satisfied otherwise than by the goods or property for which the trustee was charged.

There are instances in which arrests and levies made upon executions prematurely issued have been held void; but in those instances not only were the executions prematurely issued, but the arrest or the levy was made before the time when an execution could be legally issued. In *Briggs* v. *Wardwell,* 10 Mass. 356, a justice of the peace who had issued an execution in two or three hours after he had rendered judgment was held liable in

trespass for the arrest of the defendant; but from the statement that he was arrested "a few hours earlier than by law he should have been," it is apparent that the arrest was made before execution could have been lawfully issued.   So in *Penniman* v. *Cole*, 8 Met. 496, where the execution issued before the lapse of the prescribed twenty-four hours after the entry of judgment, the levy which was held void was also made before the expiration of the same twenty-four hours.   There is good authority that executions prematurely issued, if not acted upon until after the time when an execution might legally be issued, are not void, and that proceedings under them are valid.   *Blaine* v. *The Charles Carter*, 4 Cranch, 328.   *Stewart* v. *Stocker*, 13 S. & R. 199.   *Scribner* v. *Whitcher*, 6 N. H. 63.   And in *Rammel* v. *Watson*, 2 Vroom, 281, and in *Lovegrove* v. *Brown*, 60 Maine, 592, the original execution was returned and an alias issued before the return day of the original, and was held not to be void.   There may no doubt be executions which, although prepared and signed by the clerk and under the seal of the court, are void; as in *Albee* v. *Ward*, 8 Mass. 79, where an execution issued by a justice of the peace upon a recognizance misrecited the recognizance both as to the sum and as to the time when it was entered into.   So in *Hammatt* v. *Wyman*, 9 Mass. 138, where the execution was discharged by the full satisfaction of the judgment by one judgment debtor, although no entry of satisfaction was made.   So in *King* v. *Goodwin*, 16 Mass. 63, and in *Kennedy* v. *Duncklee*, 1 Gray, 65, where when the execution issued there had been a taking of the body of the judgment debtor upon a previous execution on the same judgment.   So in *Winslow* v. *Hathaway*, 1 Pick. 211, where an execution not intended to be delivered was improperly given out by some employee of the clerk's office, and was served notwithstanding that the judge who held the court was applied to and wrote that the execution must not be served.   So in *Palmer* v. *Crosby*, 11 Gray, 46, where the execution purported on its face to be upon a judgment entered by a tribunal which had no existence.

But the general principle is, that, when the judgment is recovered in a court having jurisdiction, and the execution is issued by the proper officer, irregularities either in the mode of issuing it or in the document itself do not make it void; and

that it may be dealt with by the court upon motion of either party, and amended or annulled as justice may require, and that service of it, if it is not annulled, or service restrained or suspended, is not invalid.  *Johnson* v. *Harvey*, 4 Mass. 483.  *Ranlet* v. *Warren*, 7 Mass. 477.  *Blanchard* v. *Waters*, 10 Met. 185. *Kennedy* v. *Duncklee*, 1 Gray, 65.  *Nims* v. *Spurr*, 138 Mass. 209.  *Blaine* v. *The Charles Carter*, 4 Cranch, 328.  *Scribner* v. *Whitcher*, 6 N. H. 63, and cases cited.  *Bryant* v. *Johnson*, 24 Maine, 304.  *Stewart* v. *Stocker*, 13 S. & R. 199.  *Lowber's appeal*, 8 W. & S. 387.  *Rammel* v. *Watson*, 2 Vroom, 281.  *Morgan* v. *Evans*, 72 Ill. 586.  So an officer who holds an execution in common form, issued by a court having jurisdiction, is protected by it in making the service which it orders him to make.  *Smith* v. *Bowker*, 1 Mass. 76.  *Wilmarth* v. *Burt*, 7 Met. 257.

If in the present case we should assume that the issuing of the alias on which the debtor was arrested before the return day of the original execution was irregular, and that until after the return day of the original the alias would have been superseded upon the debtor's motion, or even that the alias was void until the return day of the original had passed, there still would be no reason for holding that the alias was void after the return day of the original.  No one had been injured by the irregularity, if the course pursued was irregular.  The debtor was not arrested until after the return day of the original execution.  Even the small fee for the alias must have been added to the costs if the original had been returned to court on its return day, and the alias then issued instead of before; and we need not consider what would be the effect of swelling costs by numerous returns and fresh writs.  In our opinion, the alias upon which the debtor was arrested was valid at the time of his arrest.

The points raised by the defendants as to the effect of the Fourth and Fourteenth Articles of the Amendments of the Constitution of the United States are not properly before us.  They now contend that the debtor's arrest was illegal, because there was no affidavit or affirmation in support of the arrest, and that, because another course is prescribed for dealing with women judgment debtors than with men, men are thus deprived of the equal protection of the laws.  But these points were not raised

at the trial in the Superior Court, are not brought to this court by the bill of exceptions, and cannot be taken in this court upon the hearing of the bill.

The ruling requested, that the plaintiff cannot recover upon the recognizance because at the commencement of this action the execution upon which the debtor had been arrested had not been returned to court, was rightly refused. His arrest and the giving of the recognizance were both before the return day. By giving the recognizance he was discharged from the arrest, and the proceedings in which he afterwards made default were upon his own application for the benefit of the provisions for the relief of poor debtors. If he had made no default in those proceedings, and they had ended in a denial of his application, it would have been incumbent upon the plaintiff, if he. wished to have the debtor again arrested, to have a proper execution present, and an officer ready to serve it by making the fresh arrest. But until that time the creditor was not bound to have an execution upon which the debtor could be taken anew, and the facts that the execution upon which he had been arrested was not returned into court upon the return day, and that a *pluries* was not issued, are immaterial. The debtor made default before the time when it was necessary for the creditor to have an execution upon which the debtor could be arrested anew. The plaintiff's right of action accrued by reason of the default, and, so long as there was no satisfaction of the judgment or levy of property to satisfy it in the mean time, the condition of the execution subsequent to the giving of the recognizance never became material. *Fuller* v. *Meehan*, 118 Mass. 135. *Simpson* v. *Trivett*, 120 Mass. 147. *Morgan* v. *Curley*, 142 Mass. 107. *Damon* v. *Carroll, post*, 407.

Whether a trial justice court is a court of record was immaterial to the case upon trial, and the ruling requested by the defendants upon that subject was therefore rightly refused.

The remaining contention of the defendants is that the debtor made no default. Within thirty days from his arrest he made application to take the oath for the relief of poor debtors, and caused notice to be given that he would appear and deliver himself up for examination at eight o'clock in the morning on September 29, 1892, before one Terry, a trial justice of Norfolk,

at the office of the trial justice in Hyde Park. At the time and place named the debtor appeared and submitted himself to an examination before the trial justice, who was there present, and the creditor also appeared by attorney, and the hearing was duly continued from time to time until January 7, 1893, at eight o'clock in the morning. On that day the debtor and the creditor by attorney both duly appeared within the hour, and there waited for an hour or more, but the trial justice did not appear. No one appears to have been called in to adjourn the proceedings, nor does any new notice of the debtor's intention to submit himself to examination appear to have been given.

Whether the notice given by the trial justice that the debtor would appear and deliver himself up for examination at eight o'clock in the morning was good, notwithstanding the statute, (Pub. Sts. c. 155, § 20,) which provides that writs and processes before such magistrate may be made returnable "not earlier than nine o'clock in the forenoon," we need not consider, as we are of opinion that there was in another particular a breach of the recognizance. The defendants assume that the failure of the trial justice to attend at the adjourned hearing was due to his negligence. But no such statement is found in the bill of exceptions, and it can hardly be assumed. We however consider that the cause of his absence is immaterial. Whatever may have been the cause of the non-appearance of the trial justice, it was incumbent upon the debtor, if he would keep his recognizance, either to procure within the hour some other duly qualified official to come in and adjourn the hearing, or, failing in procuring such an adjournment, himself to give a new notice within three days, as provided by St. 1887, c. 442, § 3. The law is settled that it is incumbent upon the debtor to see that the magistrate is in attendance. *Hooper* v. *Cox*, 117 Mass. 1, and cases cited. *Hills* v. *Jones*, 122 Mass. 412. *Everett* v. *Henderson*, 150 Mass. 411, 412. The defendants contend that the effect of St. 1889, c. 415, relating to procedure in poor debtor matters, has relieved the debtor of the obligation to have a competent court or magistrate present at the time and place to which his examination has been continued, and that the debtor performed his whole duty by being himself present. That statute, by enacting that, save when held by trial justices, such examina-

tions shall be by courts rather than by magistrates, no doubt lessened the chance that debtors seeking the benefit of the oath should find themselves in danger of making default because of the non-appearance of the person before whom the examination was to be held. But it contains no express provision, and no implication, that it was intended to change the settled rule, which placed upon the debtor the burden of securing a proper continuance, if no person qualified to conduct the examination appeared. If there had been an intention so to change the law the Legislature would have said so, and would have repealed St. 1887, c. 442, § 3, which was the most recent statute, dealing expressly with the subject and affirming the settled rule, while it gave to debtors an additional means of complying with it. As the debtor failed to have the trial justice or any other qualified officer present at the time and place to which the hearing was adjourned, and also failed to provide for a continuance of the hearing by giving a new notice within three days, he thereby made a default which gives the plaintiff the right to recover in this action upon the recognizance.      *Exceptions overruled.*