## THE ARCTIC.

### CORNWALL et al. v. THE ARCTIC.

(District Court, N. D. New York. July 18, 1896.)

MARITIME LIENS—ADVANCES FOR WAGES.

> One who, in the home port, advances money on the order of the master and the credit of the vessel, to pay mariners' wages, and thereby prevents the filing of a libel, and enables the vessel to proceed on her voyage, is subrogated to the rights of the mariners, and acquires a lien of the same rank.

This was a libel in rem by Cornwall Bros. and Walter Fox for materials furnished to the steam barge Arctic and for money advanced by libelants upon the order of her master to pay the wages of the crew of the Arctic while lying at her home port, Alexandria Bay, New York, within the Northern district of New York. The answers dispute so much of the claim of Cornwall Bros. as relates to the payment of the wages of the crew—in all $61.38—and the entire claim of Fox, $78.50. The respondent insists that the said sums were advanced upon the credit of the owner and master and not upon the credit of the barge, which was at her home port, and that the libelants acquired no lien therefor upon the barge.

Anson Harder, for libelants.
William J. Kernan, for respondent.

COXE, District Judge. The facts are undisputed. The sums in controversy were advanced to pay mariners' wages upon the order

of the master and credit of the barge. In the case of Fox the engineer was about to file a libel for his wages when Fox advanced the necessary sum, thus enabling the barge to proceed on her voyage. Mariners have always been regarded as under the special protection of the court. They are given a lien of the highest character for their wages by the law maritime,—a lien which takes precedence of nearly every other. The law seems to be well settled that, where money is advanced in circumstances like the present, the lender is subrogated to the rights of the lien holder and acquires a privilege of equal rank with the one which secured the debt which his money has adjusted. The Guiding Star, 9 Fed. 521, affirmed 18 Fed. 263; The Thomas Sherlock, 22 Fed. 253; The New Idea, 60 Fed. 294; The Dora, 34 Fed. 349; The Emily Souder, 17 Wall. 666; The William M. Hoag, 69 Fed. 742. It follows that the libelants are entitled to decrees for the amount of their respective claims with interest and costs.