Wheelock *v.* Pierce.

---

## HASKELL WHEELOCK *vs.* HENRY A. PIERCE.

The executor of one dying in Tahiti, having administered upon the estate there, and paid all the debts and legacies of the testator there payable, remitted the balance to an agent here, with directions to pay the same to the residuary legatee, who was the testator's father, resident in the United States; it was held, that such balance was not assets, and could not be claimed by an administrator of

the testator subsequently appointed here, but was money had and received by the agent to the use of the residuary legatee, who was entitled to recover the same.

JAMES H. WHEELOCK, a native citizen of the United States, but resident and domiciled at Tahiti, in the Society Islands, died there leaving a will, executed on the 18th of March, 1846, which was a valid instrument according to the laws and usages of the place where it was made. By this will, after making certain bequests to his children, and providing for the payment of his debts, he left all the residue of his estate to his father, the plaintiff in this action, and appointed Edward L. Gray and Adam Darling his executors.

The executors administered upon the estate at Tahiti, and after payment of the legacies, and of all debts legally due at that place, which were presented and made known to them, they remitted the balance of the estate in their hands, to the defendant at Charlestown, in this county, who received the same on the 1st of July, 1847.

This remittance was made by a bill of exchange, with instructions to sell the same to the best advantage; to place a certain proportion of the proceeds thereof to the credit of the plaintiff; and to notify him, when the funds should be received, that he held that proportion subject to the plaintiff's order. He was also directed to notify Bayley, Poor, and Richardson, of Boston, of his receipt of the said funds.

The defendant, on the 2d of August, 1847, sold the bill of exchange, and, on the 4th, wrote and addressed to the plaintiff a letter, of which the following is a copy : —

"Boston, August 4, 1847. Haskell Wheelock, Esq. Sir, Your letter of the 20th July came to hand yesterday morning, and would have been attended to ere this, but a temporary absence from town prevented me. In reply to your inquiries, I have to state, that on the 1st day of July I received a letter dated Tahiti, January 9, 1847, from Edward L. Gray and Edgar Darling, executors of the estate of James H. Wheelock, deceased, inclosing me a French government draft for 7285.83 francs, and which cost there $1457.16, with instructions to dispose of the same to the best advantage in this market, and place the sum of $1131.34, or that proportion of the net proceeds of the draft, to your credit.

"I was also requested to notify Messrs. Bayley, Poor, and Richardson, of Boston, of my reception of the funds on your account. According to my instructions, the draft has been sold (with my indorsement) and the proceeds were received on 2d instant, amounting to $1351.17, being a loss on the cost of $106.01.

"Your proportion, amounting to $1049.04, is now to your credit. But, I have to inform you, that Messrs. Bayley, Poor, and Richardson have trusteed the funds in my hands, on account of a claim which they hold against the estate of your son, and which I understand is guaranteed by you. I am summoned to appear at Lowell on the first Monday of September next to answer. Now, unless the trustee process is withdrawn, I cannot pay the money above named over to you, or hold it subject to your order. I shall be very glad to hear from you, and be informed of your wishes in the matter. Yours, &c. Henry A. Pierce."

On the 1st of July, 1847, Bayley, Poor, and Richardson commenced an action against Gray, then commorant in Boston, as one of the executors, and summoned the defendant as his trustee, who answered accordingly on oath, as such, disclosing the above-stated facts, together with the additional fact, that the plaintiff, on the 20th of July, 1847, had made an assignment to one Dougherty of all his interest in the fund in the defendant's hands, and making the foregoing letter a part of his answer. This suit, after pending in court for some time, was dismissed in pursuance of an agreement of the parties and of the plaintiff's assignee.

During the pendency of the trustee process, Richard W. Bayley, one of the plaintiffs therein, was appointed by the judge of probate for the county of Suffolk administrator of the estate of James H. Wheelock; and the present defendant, before the commencement of this action, paid the balance in his hands, derived from the sale of the bill above mentioned, to said Bayley, as such administrator, upon receiving a bond of indemnity from him. Dougherty, the plaintiff's assignee, also demanded payment of the defendant, and tendered him a bond of indemnity. Bayley, the administrator, died in July, 1848, without having rendered any account, and another person was shortly afterwards appointed administrator *de bonis non.*

The case was submitted to the court upon the foregoing statement of facts; the court to render such judgment, upon nonsuit or default, as to law and justice should appertain, with costs to the prevailing party.

*S. Ames,* for the plaintiff.

*J. A. Abbott,* for the defendant.

SHAW, C. J. The suit commenced by Bayley, Poor, and Richardson, against Gray, in which the defendant was sum-

moned as trustee, having been discontinued by the consent of all the parties, this case stands as if no suit had been commenced.

The case then is this; the defendant received from Darling and Gray, residing at Tahiti, a bill of exchange, with directions to sell it, and from the proceeds to pay the plaintiff a certain sum. He received and collected the bill, and gave notice thereof to the plaintiff. The authority and direction of Darling and Gray, to pay the money when collected to the plaintiff, were not revoked nor countermanded. *Primâ facie*, therefore, the defendant is liable in this action, as for so much money had and received to the plaintiff's use.

Do the facts stated constitute any defence? It appears that a bill of exchange was forwarded by Darling and Gray to the defendant, which was purchased by them out of the proceeds of the estate of James H. Wheelock of Tahiti, deceased, as executors under a will made and proved according to the usages of that place. It further appears, that in this state, Richard W. Bayley obtained letters of administration on the estate of James H. Wheelock, and as such administrator, demanded these funds of the defendant; who alleges that he was bound to pay them over to Bayley, and that this is an answer to the plaintiff's claim.

We are not aware upon what ground of jurisdiction the judge of probate granted administration, unless it was that the funds in question were assets of the testator, in this commonwealth. But perhaps that is not material. Supposing the letters of administration properly granted to Bayley, was the defendant bound to pay over the funds to him? The court are of opinion that he was not. This sum was not assets. The defendant received no property from the testator; nor was he indebted to him, or in any way a debtor to his estate. *Fay* v. *Haven*, 3 Met. 109.

A creditor of the testator could not thus arrest the funds, in their transmission from the executors of the will at the place of the testator's domicil to a third person. Story, Confl. L., §§ 513 to 518. Darling and Gray had authority to collect and receive all the assets of the estate in Tahiti; they had done

so, and the estate to that extent was administered. They sent the bill to their own agent, and he was responsible to them only for its appropriation. *Currie* v. *Bircham*, 1 D. & R. 35; *Logan* v. *Fairlie*, 2 Sim. & Stu. 284. This fund, therefore, had ceased to be assets, to be collected and administered under an administration here in its nature ancillary.

*Judgment for the plaintiff.*