HENRY H. GILMORE *vs.* FREDERICK C. EDMUNDS.

If a debtor, who has been arrested on execution, has entered into a recognizance for his appearance at a time fixed for his examination upon his application to take the oath for the relief of poor debtors, it is his duty to cause notice to be served upon the creditor, although the recognizance does not in terms require him to do so.

CONTRACT against the surety on a recognizance taken under Gen. Sts. *c.* 124, § 17, with condition that Benjamin F. Edmunds, who had been arrested on a writ in favor of the plaintiff, would appear at the time and place fixed for his examination, on his application to take the oath for the relief of poor debtors, and not depart without leave, making no default, and abide the final order of the magistrate thereon.

At the second trial in the superior court, before *Rockwell*, J.,

*after the decision* reported in 7 Allen, 360, it appeared that be. fore taking the recognizance a time and place were fixed by the magistrate for the examination of the judgment debtor, and a notice thereof issued to the plaintiff, and thereupon the recog. nizance was taken, a printed form being used in which a printed clause providing that the judgment debtor should give notice to the creditor was erased. The judgment debtor appeared at the time and place fixed, and offered to submit to examination ; but no other party appearing, the magistrate wholly declined to act, or to pass any further order whatever. The debtor, after waiting more than one hour, departed out of the Commonwealth.

On these facts, the judge ruled that there had been no breach of the recognizance, and ordered judgment for the defendant ; and the parties agreed that, if this ruling was not correct, judgment might be entered for the plaintiff for the amount of the penalty, and execution to issue for the amount due in equity.

*E. C. Baker*, for the plaintiff.

*E. M. Bigelow*, for the defendant.

DEWEY, J. The case of *Whittier* v. *Way*, 6 Allen, 288, has fully settled the construction of Gen. Sts. *c.* 124, §§ 12, 13, 17, and holds that under the provisions of all these sections, where the party arrested is desirous to take the oath for the relief of poor debtors, and to have the time fixed for his examination, it is the duty of the debtor to cause notice to be served upon the creditor, and the recognizance given by him may properly require him to give such notice. The only objection that can now be open upon this point is that of the form of this recognizance, and that by reason of the omission of the usual words " giving notice of the time and place thereof in the manner provided in he 124th chapter of the Gen. Sts." this duty was not required of the debtor, if he could save himself and his sureties harmless in case of his failure to give such notice.

In the opinion of the court, the effect of the recognizance in the present case was to require the debtor to appear at the time appointed, before a magistrate duly authorized to take the examination. But no magistrate would be thus authorized, unless the creditor had been duly notified to appear. The duty of giving

such notice must therefore be implied from the recognizance itself, it being the duty required of the debtor by law, and the performance of it being essential to the jurisdiction of the magistrate. It is true that in the case of *Whittier* v. *Way* this stipulation was embodied in the recognizance, and the only inquiry therefore was, whether it was legally there; but that decision settles the question of the general duty of the debtor to notify the creditor, and only leaves open the question of the form of the present recognizance. This recognizance recites that the party desired to take the oath for the relief of poor debtors, and requested that his recognizance with surety might be accepted, that at the time and place appointed for his examination he would deliver himself up for examination, before some magistrate authorized to act, &c.; and in the condition thereof provides that he should appear at the time and place fixed for his examination, and from time to time until the same was concluded, and not depart without leave of the magistrate; all of which necessarily refers to a magistrate authorized to act in the case, and having jurisdiction of the same. The court are of opinion that there was a breach of this recognizance, by reason of the neglect of the debtor to appear at the time appointed before a magistrate competent and authorized to take the proposed examination, and administer the proper oath; the duty of thus qualifying the magistrate to act by giving due notice to the creditor being embraced in the recognizance thus given by the debtor.

It is proper, however, to remark that we can see no good reason for changing the form of the recognizance, and omitting the words " giving notice of the time and place in the manner provided by Gen. Sts. *c.* 124." Although not absolutely essential that it be thus inserted, yet we think it the better form, and one less likely to mislead than that adopted in the present case.

For the reasons already stated, we think that there has been a breach of this recognizance, and the plaintiff is entitled to judgment.