## DANIEL C. DAVIS'S CASE.

A judgment debtor arrested on execution and discharged under the Gen. Sts. c. 124, § 48, on account of the plaintiff's failure to appear at the examination, if arrested on execution issued in a suit brought on the same judgment, is entitled to be discharged on *habeas corpus.*

HABEAS CORPUS to the keeper of Suffolk jail, who made return that he held the prisoner, Daniel C. Davis, imprisoned by virtue of an execution issuing from the Superior Court. At the hearing, before *Morton*, J., the following facts appeared:

In 1861 Davis was arrested on an execution issuing out of the Police Court of the city of Boston on a judgment in favor of A. H. Wildes, and was taken before a master in chancery. The material part of the magistrate's record was as follows: " Suffolk, ss. December 20, 1861. The within named Davis delivered himself up for examination before me, having given due notice to the within named Wildes, on the fourth day of December instant. The said Wildes appeared by James W. Rollins, Esquire, his attorney, the said Davis was duly sworn to make true answers, &c., and his examination was commenced, and adjourned from time to time until this day; and now the said Davis appears, but the said Wildes does not appear, or any one for him, and it is thereupon ordered that the said Davis be discharged and go without day."

In 1867 Wildes brought an action in the Superior Court on the judgment of the Police Court, recovered judgment therein, took out execution running against the body of Davis, and then an *alias* execution on which Davis was now held.

The judge reserved the case, on the foregoing facts, for the consideration of the full court.

*G. Z. Adams*, for the prisoner.

*I. W. Richardson*, for the judgment creditor.

GRAY, J. The decision of this case depends upon a consideration of the provisions of successive statutes upon the subject of the effect of the discharge of a poor debtor.

By the Rev. Sts. *c.* 98, § 14, a judgment debtor, arrested on execution, and discharged on taking the poor debtor's oath, was declared to be " forever exempted from arrest or imprisonment for the same debt," unless convicted of having wilfully sworn falsely upon his examination. It cannot be doubted that an arrest, either on mesne process or execution, in a subsequent action on the first judgment, must have been deemed an arrest " for the same debt," within the meaning of that provision; and that the special reasons on which it has been held in *Faxon* v. *Baxter*, 11 Cush. 35, *Bradford* v. *Rice*, 102 Mass. 472, and other cases there cited, that a judgment obtained after the commencement of proceedings in insolvency or bankruptcy is not the same debt for the purposes of proof or discharge of the original cause of action, did not apply. *Willington* v. *Stearns*, 1 Pick. 497. A similar interpretation must have been given to the Sts. of 1842, *c.* 56, § 4, and 1844, *c.* 154, § 7, by which it was declared that a poor debtor, discharged from arrest, either on mesne process or on execution, on taking the oath, should not " be arrested again for the same cause of action."

The St. of 1855, *c.* 444, § 7, prescribed the form of oath of a poor debtor arrested on execution, and provided that, " upon taking this oath, the debtor shall be discharged from arrest, and shall be forever exempt from arrest on the same execution, or upon any process founded on the judgment; " and § 12 provided that the form of oath of a poor debtor arrested on mesne process should be the same, " and he shall never be liable to arrest for the same cause of action." The corresponding provisions of the St. of 1857, *c.* 141, §§ 9, 19, (which was the statute in force at the time of the enactment of the General Statutes,) were expressed in exactly the same words, adding in each section " unless he shall be convicted of having wilfully sworn falsely upon his examination."

In the Gen. Sts. *c.* 124, § 22, these provisions were consolidated, so as to include in one section both classes of poor debtors, those arrested on execution, and those arrested on mesne process, in this form : "Upon taking the oath," (of which one form is prescribed for all cases,) "the defendant or debtor shall be discharged from arrest or imprisonment, and shall be forever exempt from arrest on the same execution or any process founded on the judgment, or on the same cause of action, unless convicted of having wilfully sworn falsely on his examination." Reading this codification in the light of the previous statutes on the subject, it is manifest that the words "on the same execution or any process founded on the judgment" referred to the first class, and the words "on the same cause of action" to the second ; that these phrases were deemed equivalent; that the exemption from subsequent arrest was intended to be coextensive in the two classes of cases; and that neither in this section, nor in the earlier statutes which it embodied, was it intended to allow a debtor arrested and discharged on execution, any more than one arrested and discharged on mesne process, to be liable to arrest at the corresponding stage of a subsequent action to enforce the same original liability.

The Sts. of 1855, *c.* 444, § 14, and 1857, *c.* 141, § 29, provided that if the creditor at any time made default, after request, in the payment of the magistrate's fees, the magistrate might discharge the debtor, but contained no special provision as to the effect of a discharge in that contingency. In the Gen. Sts. *c.* 124, § 48, this provision was extended, and put in the following form : "If the plaintiff or creditor shall, at any time after request, make default in the payment of the fees, or if the plaintiff or creditor, or some one in their behalf, shall not attend the examination, the defendant or debtor shall, without examination and without payment of any fees, be discharged from arrest or imprisonment, and shall be forever exempt from arrest on the same execution or any process founded on the judgment; and a certificate of such discharge under the hand of the magistrate shall be annexed to the writ or execution." The considerations already mentioned as applicable to § 22 seem to us to be decisive in favor of the debtor when discharged under § 48.

The debtor in this case, having been so discharged from the execution issued on the original judgment against him, was not therefore liable to arrest on the execution issued upon the judgment subsequently recovered in an action on the first judgment. If the form of execution issued on the second judgment might properly, as suggested by Chief Justice Parsons in *Cooke* v. *Gibbs*, 3 Mass. 192, 198, have omitted the command to take the body, yet the plaintiff could not, by taking it out in common form, affect the defendant's exemption from arrest. That exemption was not a matter required to be pleaded before judgment, and is proved by the certificate made by the magistrate upon the first execution, as the statute requires. It follows that the defendant is entitled to be discharged by *habeas corpus* from his unlawful imprisonment. Gen. Sts. *c.* 144, §§ 1, 2, 18. *Commonwealth* v. *Huggeford*, 9 Pick. 257. *Blake's Case*, 106 Mass. 501. *Ex parte Dakins*, 16 C. B. 77.                    *Prisoner discharged.*