### ARGUED AND DETERMINED

##### IN THE

# SUPREME JUDICIAL COURT

#### OF

# MASSACHUSETTS.

---

CHARLES L. HOOPER *vs.* JOHN N. COX & another.

Suffolk.    Nov. 11, 12, 1874. — Jan. 11, 1875.    WELLS & DEVENS, JJ.,
absent.

The provisions of the Gen. Sts. c. 124, § 5, forbidding the arrest of a judgment debtor, unless execution is issued amounting to twenty dollars, exclusive of all costs making part of said judgment, do not prevent his arrest upon an execution issued in an action upon his bond given to dissolve an attachment in a former action for a debt under twenty dollars, but which is made by the costs of that action to exceed such amount.

A debtor who has entered into a recognizance under the Gen. Sts. c. 124, § 10, to deliver himself up for examination within thirty days, commits a breach thereof, if after an adjournment of the examination to a date named which falls on Sunday he neglects, by reason of the absence of the magistrate at the time and place appointed, to obtain an adjournment of the examination or to have further proceedings taken.

CONTRACT upon a recognizance, the condition of which provided that the judgment debtor, who had been arrested on an execution in favor of the plaintiff, should within thirty days deliver himself up for examination, giving notice of the time and place thereof as provided by law, and duly appear, making no default, and abide the final order of the magistrate thereon. At the trial in the Superior Court before *Brigham*, C. J., the jury

VOL. III.              1

found for the plaintiff, and the defendants alleged exceptions. The facts of the case appear in the opinion.

*F. W. Kittredge*, for the defendants.

*E. M Bigelow*, for the plaintiff.

MORTON, J.   This is an action on a poor debtor's recognizance entered into by the defendant Cox as principal, and the other defendant as surety.   In March, 1872, the plaintiff brought an action against Cox and attached his personal property ; Cox gave a bond in the usual form to dissolve this attachment, with one Jess as surety.   The plaintiff recovered judgment against Cox for fifteen dollars and twenty-five cents damages, and thirteen dollars and sixteen cents costs.   This judgment being unpaid, the plaintiff brought a suit on the bond against Cox and Jess, and obtained judgment for twenty-eight dollars and eighty-six cents damages, and five dollars and sixty cents costs.   Execution was duly issued upon this judgment, Cox was arrested thereon, and thereupon entered into the recognizance in suit.   The first question in the case is as to the legality of this arrest.

The Sts. of 1855 and 1857 provided that no judgment debtor could be arrested except " after execution is issued amounting to twenty dollars, exclusive of costs."   St. 1855, *c.* 444, § 3.   St. 1857, *c.* 141, § 3.   Under these statutes a creditor might bring a suit upon a debt of less than twenty dollars, and obtain a judgment, which, including costs, would amount to more than twenty dollars ; and upon a suit upon such judgment, would obtain a second judgment which would authorize him to arrest the body of the debtor.   Thus a creditor might, by the addition of costs of suit, against the will of the debtor, increase his debt so as to destroy the exemption from arrest given him by the statutes.   To meet this mischief, the legislature in the revision of 1860 amended the statutes, so as to provide that no arrest of a judgment debtor is allowed unless " execution is issued amounting to twenty dollars exclusive of all costs, which make part of said judgment, whether the same have accrued in the last action or any former action on the same original cause of action."   Gen. Sts. *c.* 124, § 5.   Under this statute, if the plaintiff had sued Cox upon his first judgment and obtained a second judgment for more than twenty dollars damages, it is clear that he could not have arrested the debtor thereon.   The two actions would be, within the mean-

ing of the statute, " on the same original cause of action."
*Davis's case*, 111 Mass. 288. But on the other hand, if Cox had
paid the first judgment by his note, he would have been liable to
arrest upon a judgment obtained upon the note. The distinction
between the two supposed cases is obvious. In the first case, the
creditor increases the debt and cause of action, against the will
of the debtor, by the addition of costs. In the other, the debtor
voluntarily creates a new cause of action.

In the case at bar the suit is upon a bond to dissolve an attach-
ment executed by Cox as principal and Jess as surety. Though
the giving of the bond was an incident of the first suit, by it Cox
voluntarily created a new and different cause of action. In the
suit upon the bond the cause of action is the same against Cox
and Jess. Can it be said that, in any sense, the cause of action
against Jess was the original debt due by Cox ?

We are of opinion that this suit and the former action were not
" on the same original cause of action," and that both Cox and
Jess were liable to arrest upon the execution which issued in this
suit.

The only other question in the case is whether the plaintiff
proved a breach of the recognizance. Of this there is no doubt.
Within thirty days from his arrest Cox delivered himself up for
examination before a proper magistrate, and gave due notice to
the creditor of the time and place fixed for the examination. At
the time and place fixed he appeared, and the examination was
commenced, and was postponed to the fifteenth day of September,
1872. On that day, being Sunday, the magistrate did not ap-
pear, and no further proceedings were had. If the magistrate
had appeared, he might have adjourned the examination, but a
discharge granted on Sunday would not have avoided the recog-
nizance. *Estes* v. *Mitchell*, 14 Allen, 156. It was the duty of
the debtor to procure the attendance of a magistrate to adjourn
the examination. As he neglected to do so, the examination was
never completed, he was not discharged, and he and his sureties
remained liable on the recognizance. *Adams* v. *Stone*, 13 Gray,
396. *Thacher* v. *Williams*, 14 Gray, 324. *Merrill* v. *Roulstone*,
14 Allen, 511. *Millett* v. *Lemon*, 113 Mass. . *Morrill* v.
*Norton*, 116 Mass. 487.                    *Exceptions overruled.*