JOSEPH W. BUCKLEY *vs.* GARRYT D. MITCHELL & another.

Suffolk.   November 21, 1895. — January 2, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Poor Debtor Hearing — Defective Service of Notice.*

The provisions of Pub. Sts. c. 162, § 28, by implication put upon the debtor the duty of furnishing to the court or magistrate such evidence of the service of the notice as will make it the duty of the tribunal to take jurisdiction and conduct an examination, if the creditor desires to examine, or administer the oath for the relief of poor debtors if there is no examination; and if the debtor fails to furnish proof of service, judgment will be entered for the plaintiff.

CONTRACT, upon a poor debtor's recognizance, entered into by the first named defendant as principal, and by the other defendant as surety.

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows.

The plaintiff contended that the preliminary requirements of the statute had not been complied with, and that the proceedings before the Poor Debtor Court were defective, and that the records showed no discharge of the debtor, and showed no legal notice to the creditor, and that no legal notice in compliance with the terms of the statute was served on the creditor to give the Poor Debtor Court jurisdiction.   The creditor contended that, inasmuch as the proceedings before the magistrate were defective, there had been a breach of the recognizance.

On August 2, 1889, the debtor took out a notice in proper form, and placed it in the hands of a deputy sheriff, with in-

structions to serve on the creditor or his counsel of record. The notice was duly and seasonably served on the creditor's counsel of record, and was returnable to the Poor Debtor Court on August 7, 1889, at ten o'clock A. M. The debtor and creditor's counsel appeared in the Poor Debtor Court on August 7, at ten o'clock, and waited until five minutes past eleven o'clock A. M.; but the officer did not return the notice with his return of service thereon at five minutes past eleven o'clock, whereupon the creditor's counsel refused to waive the alleged defect in the notice, and declined to proceed with the examination, and the judge refused to take jurisdiction, on the ground that he had no jurisdiction, as the citation or notice was not returned to the court within the hour, with the proper return thereon; whereupon all the parties in the case departed from the court. No other notice was given, and the debtor was not surrendered or committed to jail by the sheriff.

*P. B. Kiernan,* for the plaintiff.

*H. L. Whittlesey,* for the defendants.

KNOWLTON, J. This is an action upon a recognizance given under the Pub. Sts. c. 162, § 28, by a person arrested on an execution in favor of the plaintiff. The debtor made application to take the oath for the relief of poor debtors, and caused notice of the time and place fixed by the court for examination to be duly served upon the creditor. At the time appointed he did not have before the court the notice with the officer's return of service upon it, nor so far as appears did he present any evidence satisfactory to the court to show that service of the notice had been made upon the creditor or his attorney. The officer's return of service upon the notice was the best evidence of what had been done, and the court might well decline to proceed without it, unless other reasonably satisfactory proof was furnished that the service had been properly made. If there had been a suggestion that proper service had been made, and a request for a postponement of the examination for a reasonable time to enable the debtor to furnish proof of the service, a postponement might well have been granted for that purpose, and if it then appeared that there had been due service, the jurisdiction would have been perfect and the examination might well have been had. In this case nothing appears to indicate

that the court acted erroneously in declining to proceed or to hold the creditor to attendance on a later day.

The question before us is, whether, under the debtor's recognizance, — the condition of which by the terms of the statute was required to be to " deliver himself up for examination before some court of record, or police, district, or municipal court, or, except in the county of Suffolk, some trial justice, giving notice of the time and place thereof as herein provided, and appear at the time fixed for his examination," — the debtor was under obligation to furnish to the court evidence of having given notice, so as to show jurisdiction to proceed with the examination. See St. 1888, c. 419, § 6.

Prior to the decision in *City National Bank* v. *Williams*, 122 Mass. 534, it was the general practice under such a recognizance to give the notice at such a time as to enable the debtor to deliver himself up for an examination immediately to be begun within the thirty days, and in *Millett* v. *Lemon*, 113 Mass. 355, 360, Mr. Justice Devens said : " We think it is clearly the intention of the law that the debtor, in order to be discharged, shall see to it that he submits to an examination within the thirty days, before a competent magistrate, on notice to the other party. . . . It does not seem to be too much to require, that before the thirty days expire he shall have afforded the creditor opportunity to examine him." In the case first cited, and in cases that have followed it which hold that, if a debtor goes before the magistrate within the thirty days and properly inaugurates the proceedings for giving the creditor an opportunity to examine him, his recognizance is not broken because the examination cannot be begun within the thirty days, it has been assumed that the debtor would do everything necessary to bring about an examination if the creditor desired it. It has always been held that the debtor must at his peril see that a magistrate is in attendance at the time appointed, or the proceedings would go for nothing. *Hooper* v. *Cox*, 117 Mass. 1. *Hills* v. *Jones*, 122 Mass. 412. The St. 1887, c. 442, § 3, recognizes this rule by providing that the debtor in such a case shall not " suffer default by reason of the absence or disability of the magistrate if, within three days thereafter, such debtor shall provide for a continuance of the hearing by issuing a new notice to the

creditor, to be served," etc.   The doctrine has been applied in a very recent case, in which it was held that the recognizance was broken by the failure of the debtor to procure the attendance of a magistrate.   *Chesebro* v. *Barme*, 163 Mass. 79, 84. The right of the creditor to have such action on the part of the debtor as will secure him an opportunity of examination is also recognized in *Damon* v. *Carrol*, 163 Mass. 404, 410.

The statute puts upon the debtor the duty of causing the notice to be served.   By implication it also puts upon him the duty of furnishing to the court or magistrate such evidence of the service as will make it the duty of the tribunal to take jurisdiction and conduct an examination if the creditor desires to examine, or administer the oath for the relief of poor debtors if there is no examination.   Unless such evidence is furnished, there can be no orderly administration of justice, and the rights of the parties are not protected by judicial proceedings.

The debtor in the present case did not do enough under his recognizance to induce the court to take any further jurisdiction of his case, after issuing a notice to be served on the creditor.

*Judgment for the plaintiff.*