JAMES E. ADAMS *vs.* FRANK A. PIERCE & another.

Essex.   November 7, 1900. — November 28, 1900.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Poor Debtor's Recognizance — Continuance a Breach of Condition.*

In an action upon a recognizance given under Pub. Sts. c. 162, § 28, it appeared that
the defendant was arrested on a judgment of a police court, entered into the
recognizance, and gave notice of his desire to take the oath for the relief of poor
debtors on April 13, 1896; that the record of the court showed that he appeared
on May 13, 1896, in compliance with the notice " and the case was continued,"
and that it showed nothing more until 1897, when, on March 13, the debtor filed a
petition that a day be set for his examination, which was done, and on March 27
the oath was administered.   *Held,* that the continuance being a general one, and
not to a time fixed by the adjournment, was a breach of the bond, and that a
finding for the plaintiff was correct.

CONTRACT, on a poor debtor's recognizance under Pub. Sts.
c. 162, § 28, entered into after an arrest on execution, by Frank
A. Pierce as principal, and Benjamin C. Davis as surety.   Trial
in the Superior Court, before *Hardy*, J., who, having found for
the plaintiff and assessed damages in the sum of $235.86, re-
ported the case, at the request of the defendants, for the deter-
mination of this court.   If the plaintiff was entitled to recover,
judgment was to be entered upon the finding; otherwise, for the
defendant.   The facts appear in the opinion.

*E. B. Fuller*, for the defendant.

*H. J. Cole*, ( *W. S. Peters* with him,) for the plaintiff.

HOLMES, C. J.   This is an action upon a recognizance given
under Pub. Sts. c. 162, § 28.   The defendant Pierce was arrested
on a judgment of the police court of Haverhill, entered into
the recognizance, and gave notice of his desire to take the oath
for the relief of poor debtors on April 13, 1896.   The record of
the court, then become the Central District for Northern Essex,
shows that he appeared before the court on May 13, 1896, in
compliance with the notice, " and the case was continued."   It
shows nothing more until 1897, when, on March 13, the debtor
filed a petition that a day be set for his examination, which was
done, and on March 27 the oath was administered.   The judge
of the Superior Court was of opinion that these facts disclose

a breach of the conditions of the bond, and found for the plaintiff.

The question arises on the words "and the case was continued." These words mean on their face a general continuance, not a continuance to a time fixed by adjournment; and the natural construction is shown to be the true one by the debtor's subsequent petition "that a day be set by the court for his examination." The plaintiff denies that the magistrate has power under the statute and the terms of the recognizance to continue the hearing except to a day certain.

The language of the statute is, "The magistrate may adjourn the case from time to time." Pub. Sts. c. 162, § 35.  See § 18. So the recognizance is conditioned for appearance at the time fixed for his examination, "and from time to time until the same is concluded." In this class of cases, which until lately came before an inferior magistrate alone, we are of opinion that these words probably were intended to convey the notion of adjournments to fixed times, and that it is better that they should be so construed.  We understand that this has been the construction adopted in practice.  The creditor is entitled to have his execution satisfied unless the debtor can take the oath. It hardly can have been the intention of the statute to allow an inferior magistrate, selected by the debtor, to suspend indefinitely the determination of the creditor's rights.  The ground goes deeper than the nature of the jurisdiction of justices' courts, and although the reasons for the enactment may have been diminished by transferring poor debtor cases to courts of greater permanence and dignity, the meaning of the words of the statute does not change with changes of or in the court.

If our construction of the statute and the recognizance is correct, there was a breach in the failure to appear from time to time.  It is not argued that the continuance may have been against the will of the debtor, and so is a thing for which he is not responsible.  He takes the risk of this event by his contract in the same way that he takes the risk of having a magistrate on hand at the proper time.

If there was a default, it could not be cured on the application of the debtor in 1897.  *Sweetser* v. *Eaton*, 14 Allen, 157.

*Judgment for the plaintiff.*