JAMES T. BLISS *vs.* JAMES KERSHAW.

Bristol.    October 28, 1901. — November 25, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Poor Debtor*, Notice, Recognizance: Construction, Breach.

Assuming that a notice by a poor debtor of the time and place fixed for his examination would be fatally defective if signed by the judge of a district court instead of by the clerk or assistant clerk under the seal of the court, as required by St. 1889, c. 415, § 2, this defect is one which the creditor can waive, and if he appears at the time and place fixed for the examination and makes an arrangement with the court and the debtor's attorney for a continuance, without objecting to the notice, he is precluded from taking advantage of the defect.

The condition in a poor debtor's recognizance simply required that the debtor should "within thirty days from the date of his arrest deliver himself up for examination as to his estate, and for the taking of the oath for the relief of poor debtors" before a certain district court named. *Held*, that the general language of the recognizance by implication bound the debtor to do all the things pending the examination and previous to it that are required by the language of Pub. Sts. c. 162, § 28.

St. 1889, c. 415, relating to procedure in poor debtor matters, does not relieve the debtor from his obligation to have a competent court or magistrate present at the time and place fixed for his examination and at any adjournment of the case, and his failure to do so is a breach of the recognizance.

By agreement the examination of a poor debtor in a district court was continued to a certain day at a certain hour "at the court room of said court, and to be in writing and taken without the presence of a magistrate, at which time and place the court intended to be present to take such further action in the matter as it might deem proper." *Held*, that the foregoing language did not mean that there was to be no session of the court at the time and place to which the case was continued and that the case was left open under a general continuance, but meant a regular continuance to the hour appointed, with an understanding that while the court would be in session and the judge in attendance the examination might be conducted without the presence of the judge, except as he might be needed to make necessary orders from time to time, and that such an arrangement does not affect the duty of the debtor to have a judge of the court present at the time to which the case is continued, to make the proper order for the disposition of it.

CONTRACT against a surety on the recognizance of one Peacock, a poor debtor. Writ dated February 15, 1900.

At the trial in the Superior Court, before *Hopkins*, J., without a jury, it appeared, that the condition of the recognizance was as follows: "Now, therefore, if said Peacock shall within thirty days from the date of his arrest deliver himself up for examination as to his estate, and for the taking of the oath for the relief of poor debtors before the Second District Court of Bristol at Fall River, then this recognizance shall be void, otherwise it shall be and remain in full force and virtue."

The debtor served on the plaintiff's attorney a notice of his desire to take the oath for the relief of poor debtors, and that the thirteenth day of January, 1900, at nine o'clock in the forenoon and the court room of the Second District Court of Bristol in Fall River were appointed as the time and place for the examination of the debtor. The notice was signed by the judge of the court, but was not under the seal of the court or signed by the clerk or an assistant clerk thereof. See St. 1889, c. 415, § 2.

On January 13, 1900, the debtor appeared at 9.15 A. M., and after being sworn and asked some questions by the judge, at the request of the counsel of the creditor and the debtor and with their consent, "the examination was continued to January 31, 1900, at 2 P. M., at the court room of said court, and to be in writing and taken without the presence of a magistrate, at which time and place the court intended to be present to take such further action in the matter as it might deem proper." On January 31, 1900, the judgment debtor and his counsel appeared shortly after two o'clock in the afternoon, the judgment creditor did not appear and no magistrate qualified to proceed with the hearing appeared, and after the expiration of the hour from two to three o'clock the judgment debtor and his counsel departed from the court room, and afterwards on the first day of February, 1900, the judgment debtor appeared and was discharged by the judge of the court as of January 31, 1900.

The plaintiff asked the judge to rule, that at the time the district court assumed to discharge the debtor it had no jurisdiction to do so, that the notice was fatally defective in not being signed and attested as the statute directs, and conferred

no jurisdiction upon the district court, and that the debtor's failure to have a competent magistrate present within the hour to which the examination was continued constituted a fatal breach of the recognizance, and that upon the whole record the plaintiff was entitled to recover.

The judge refused to rule as requested, and found for the defendant; and the plaintiff alleged exceptions.

*F. A. Pease*, for the plaintiff.

*G. Grime*, for the defendant.

KNOWLTON, J.   The recognizance sued on does not expressly state all the terms and conditions mentioned in Pub. Sts. c. 162, § 28, and the question arises, what construction shall be put upon its provisions.   It plainly shows an intention on the part of the principal and surety that the principal shall have the benefit of the oath for the relief of poor debtors, and it contains in its condition the principal requirements mentioned in the statute.   Under the Gen. Sts. c. 124, § 17, which in prescribing a recognizance is silent in regard to the obligation of the debtor to give notice of the time and place fixed for his examination, it was held that this obligation was implied.   *Whittier* v. *Way*, 6 Allen, 288, 290.   If we assume in favor of the creditor that, under the recognizance before us, the debtor was bound to have a notice of his application served on the creditor in accordance with the statute, and if we also assume without deciding that the notice issued and served was fatally defective because it was signed by the justice of the court instead of by the clerk under the seal of the court, (see St. 1889, c. 415, § 2,) this defect was one that the creditor might waive, and we are of opinion that his presence at the time and place fixed for the examination, and his arrangement with the court and with the debtor's attorney for a continuance, without objecting to the notice, precludes him from taking advantage of this defect in the present action.

The most important question in the case is whether the debtor, under his recognizance, was required to see that the court with a competent presiding judge was open at the time and place fixed for the examination and for the continuance thereof, so that the proceedings could be properly conducted. One branch of the question is whether the general language of

the recognizance by implication binds the debtor to do all things pending the examination and previous to it that are required by the language of the Pub. Sts. c. 162, § 28. We are of opinion that it does. Within thirty days he is to "deliver himself up for examination as to his estate, and for the taking of the oath for the relief of poor debtors." The delivery of himself is to be not merely for examination, but for the taking of the oath. This means that there is to be a delivery which will enable the creditor to make an examination of him such as the statute contemplates, and that he shall continue in the attitude of one who has been delivered up, and who is in a sense in the custody of the law, until the examination is completed, and until the time has come for taking the oath if the examination is favorable to him and if there has been no default or omission on the part of the creditor. In this respect we are of opinion that the legal effect of the recognizance is the same as if it had contained the words of the statute, "giving notice of the time and place thereof as herein provided, and appear at the time fixed for his examination, and from time to time until the same is concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination." This construction of the language gives effect to reasonable implications, as has often been done in previous cases. *Morrill* v. *Norton*, 116 Mass. 487. *Whittier* v. *Way*, 6 Allen, 288. *Buckley* v. *Mitchell*, 165 Mass. 106. *Dalton-Ingersoll Co.* v. *Hubbard*, 174 Mass. 307. *Damon* v. *Carrol*, 163 Mass. 404, 410.

It has often been held that the duty is on the debtor in these proceedings to see that a competent magistrate attends at the time and place fixed for his examination and at any adjournments of the case, and that his failure to do so is a breach of his recognizance. *Adams* v. *Stone*, 13 Gray, 396. *Thacher* v. *Williams*, 14 Gray, 324. *Morrill* v. *Norton*, 116 Mass. 487. *Chesebro* v. *Barme*, 163 Mass. 79, 84. *Buckley* v. *Mitchell*, 165 Mass. 106. It is contended that this implied requirement of the statute is changed by the St. 1889, c. 415, which, except where trial justices have jurisdiction, requires proceedings for the relief of poor debtors to be before courts instead of before magistrates. This subject was discussed in *Chesebro* v. *Barme*, *ubi supra*, and it was said in the opinion that the law in this particular

is not changed by recent legislation. The examination in that case, however, was begun before a trial justice, and the opinion is not a binding authority in reference to proceedings before a court. In *Buckley* v. *Mitchell*, 165 Mass. 106, and in *Adams* v. *Pierce*, 177 Mass. 206, there is language implying that the requirement remains unchanged.

Although in most cases there is perhaps less need of special provision to procure the attendance of a judge when an examination is appointed to be held before a court, than when it is to be held before a magistrate, it would happen occasionally, if not frequently, by inadvertence, in courts where there is little business, that the court would not be in session at the time appointed, if no effort was made to bring the appointment to the attention of the judge. It is important that the rights of creditors should be preserved, and we think it better to hold that the duty is upon the debtor to see that a judge of the court is present. If it is impossible for him to do this, he has a remedy under the St. 1887, c. 442, § 3.

The failure of the debtor to have a judge of the court in attendance at the time appointed for the examination was a breach of the recognizance, which deprived the court of jurisdiction to proceed further unless the debtor availed himself of his rights under the statute last cited, and unless jurisdiction was regained under a new notice. The discharge of the debtor on the following day was therefore unwarranted. *Adams* v. *Pierce*, 177 Mass. 206. *Whittier* v. *Way*, 6 Allen, 288. *Sweetser* v. *Eaton*, 14 Allen, 157. *Morgan* v. *Curley*, 142 Mass. 107.

The record shows that by agreement of the parties the " examination was continued to January 31, 1900, at 2 P. M., at the court room of said court, and to be in writing and taken without the presence of a magistrate, at which time and place the court intended to be present to take such further action in the matter as it might deem proper." We do not understand this language to mean that there was to be no session of the court at the time and place to which the case was continued, and that the case was to be left open under a general continuance. Such a disposition of the case the court had no power to make, as is shown in *Adams* v. *Pierce, ubi supra.* We interpret it as meaning a regular continuance to the hour appointed as a time certain, with

an understanding that, while the court would be in session and the judge in attendance, the examination might be conducted in writing without the presence of the judge, except as he might be needed to make necessary orders from time to time. Such an arrangement does not affect the duty of the debtor to have a judge of the court present at the time to which the case was continued, to make the proper order for the disposition of it.

*Exceptions sustained.*