FRANCIS M. RYDER *vs.* OVIDE OUELLETTE.

Bristol. November 14, 1906. — January 4, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Poor Debtor. Recognizance.*

Under R. L. c. 168, § 65, a surety on the recognizance of a poor debtor in order to surrender his principal and exonerate himself from further liability must secure the attendance of an officer qualified to serve legal process in the case to whom the principal may be committed, as is required by R. L. c. 169, § 19, in case of a surrender by bail.

It is not a performance by a poor debtor of the condition of his recognizance that within thirty days from the date of his arrest he delivered himself up for examination before a court of record, unless he gave notice thereof to the judgment creditor, and the refusal of the court to issue the notice does not excuse its absence.

A court to which a poor debtor has delivered himself up for examination without giving any notice to the judgment creditor has no power to discharge the debtor.

CONTRACT against the surety on the recognizance of one Max L. Lizotte, a poor debtor. Writ in the Second District Court of Bristol dated May 3, 1905.

On appeal to the Superior Court the case was submitted to *Holmes*, J. upon an agreed statement of facts in substance as follows:

This was an action on a poor debtor's recognizance entered into in the Second District Court of Bristol on the thirty-first day of March, 1905, by Max L. Lizotte as principal and the defendant as surety. The declaration was in the form prescribed by statute, and the answer admitted the giving of the recognizance but denied every other material allegation in the declaration, and further alleged that the defendant on the eighteenth day of April, 1905, surrendered his principal in open court.

All the proceedings in the district court before April 18, 1905, were in regular form, and a copy of the record of the proceedings in that court on that day and subsequent thereto and a memorandum of the recognizance declared on were annexed.

The record showed that on March 31, 1905, Max L. Lizotte

and Ovide Ouellette, the defendant, both of Fall River, appeared before that court, and severally acknowledged themselves to be indebted to the plaintiff, Lizotte as principal in the sum of $300, and the defendant as surety in the same sum, a copy of the recognizance being set forth.

The record further showed the following proceedings :

On April 18, 1905, the debtor being surrendered by Ovide Ouellette surety, and the debtor offering J. C. Emery Panneton as surety in place of Ouellette, the debtor gave recognizance with Panneton as surety, conditioned to deliver himself up for examination within thirty days of March 31, 1905.

On June 9, 1905, the judgment creditor suggested a diminution of the record relating to the surrender of the debtor, " in that it does not show whether an officer qualified to serve legal process was present in court when such surrender was made or attempted, and whether the principal therein was committed to any such officer in attendance," and prayed the court to amend the record in these particulars, so that these facts should appear.

The judge of the district court thereupon amended the record to read as follows :

" April 18, 1905.   Then appeared before the court the debtor Lizotte, Ovide Ouellette his surety in his recognizance of March 31, 1905, and J. C. Emery Panneton.   Said Ouellette stated that he wished to surrender said Lizotte and said Lizotte stated that he wished to submit to be surrendered and to be surrendered and to recognize anew with said J. C. Emery Panneton as surety ; said Panneton stated that he wished to become surety in place of said Ouellette on said Lizotte's new recognizance. Whereupon having examined said Panneton and found him sufficient as a surety the court said that it would allow said Lizotte to recognize anew with said Panneton as surety.   The court then purported to discharge said Ovide Ouellette as surety upon his recognizance of March 31, 1905, and to allow said Lizotte to recognize anew with said Panneton as surety ; a memorandum of the second recognizance with Panneton as surety is among the papers in this case and is made a part of this record.

" There was no officer qualified to serve legal process in the

case present. Said Lizotte, Ouellette and Panneton were all present during the whole of the proceedings.

"This second record under date of April 18, 1905, is an extension and amendment of the first record of date of April 18, 1905."

On April 29, 1905, the debtor filed a motion that twelve o'clock noon on that day at the district court be set as the time and place of his examination for the purpose of taking the oath for the relief of poor debtors, and that a notice be caused to be issued to the judgment creditor or his attorney, ordering him to appear at that time and place for the purpose of examining the debtor.

This motion was overruled by the judge of the district court who made the following entry thereon :

"April 29, 1905, 12.01 P. M. Then the debtor being present and neither the creditor nor his counsel being present, it was ordered on motion of the debtor that this action be dismissed."

At the same time the debtor also filed a motion, which was granted by the judge on the same day, that the debtor be discharged and the case be dismissed, and the surety be also discharged.

In the Superior Court the judge found for the plaintiff, and ordered that judgment be entered for the plaintiff in the sum of $300, the damages to be assessed.

It was agreed by the parties that $221.03 was the proper amount for which execution should issue on the judgment. The judge ordered that judgment should be entered accordingly; and the defendant appealed.

The case was submitted on briefs.

*A. G. Weeks*, for the defendant.

*F. A. Pease*, for the plaintiff.

HAMMOND, J. This is an action against the surety on a poor debtor's recognizance. There are two grounds of defence, first, that there was a surrender of the principal by the defendant, and second, that there has been no breach of the recognizance.

1. As to the surrender. It is provided in R. L. c. 168, § 65, that a surety on a poor debtor's recognizance may at any time surrender his principal and exonerate himself from further lia-

bility in the manner provided for the surrender of bail, " and all the proceedings on such surrender shall be the same as provided in the case of bail." The proceedings on the surrender by bail in the inferior courts, so far as material to this case, are set forth in R. L. c. 169, § 19. This section provides that when bail surrender their principal in court, either during the pendency of the original action or of *scire facias*, they shall secure the attendance of an officer qualified to serve legal process in the case, to whom the principal may be committed. The reason for this is obvious. It is an important provision for the benefit and security of the creditor. The agreed facts show that no such officer was present at the time of the attempted surrender in this case, and it is not shown that the creditor has waived his rights. See *Pacific Ins. Co.* v. *Canterbury*, 104 Mass. 433. It follows that the attempted surrender was inoperative, and that the liability of the defendant as surety still continued.

2. As to the breach. Even if it be said that the principal debtor did " within thirty days from the date of his arrest deliver himself up for examination before some court of record," it is certain that he never gave any notice thereof to the judgment creditor. It is no excuse that the court refused to issue the notice. For aught that appears the court refused to issue the notice for the reason that it could not be served in time. But, however that may be, the debtor takes upon himself the risk of proper notice being given to the creditor. See *Thacher* v. *Williams*, 14 Gray, 324; *Hooper* v. *Cox*, 117 Mass. 1, and cases cited; *Adams* v. *Pierce*, 177 Mass. 206. No notice having been given, the discharge of the debtor was beyond the power of the court. See *Bliss* v. *Kershaw*, 180 Mass. 99, 103.

*Judgment affirmed.*